UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ANDINO,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WALMART, INC. AND/OR "JOHN DOE 1-10" (HIS NAME BEING FICTITIOUS AND UNKNOWN TO PLAINTIFF) AND/OR "XYZ CORPORATION 1-10" (ITS NAME BEING FICTITIOUS AND UNKNOWN TO PLAINTIFF),<br><br>　　　　　　　　　　Defendants. | Civil Action No. 24-7224 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

This matter comes before the court on Plaintiff Joseph Andino ("Plaintiff")'s motion to remand. Defendant Walmart, Inc. ("Defendant") opposes the motion. The Court has reviewed the parties' submissions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant Plaintiff's motion and remand this action to the Superior Court of New Jersey.

**I**

This is a personal injury action arising from a slip and fall sustained by Plaintiff on January 31, 2021 at a Walmart store located in Bayonne, N.J. Plaintiff filed his complaint in the Superior Court of New Jersey, Hudson County, on January 17, 2023. The complaint contains the following description of Plaintiff's injuries:

> As a result of the Defendants' negligence, carelessness and improper conduct in maintaining the said premises, the Plaintiff, JOSEPH ANDINO, while on the said premises as aforesaid on the aforementioned date, was caused to slip and/or trip and fall to the ground and suffered painful and permanent injuries in and about his body, was seriously injured, sustained great pain and suffering and mental anguish, does presently sustain the same and in the future will sustain the same, was obliged to expend large sums of money to affect a cure for the injuries, pain and suffering and mental anguish, which he sustained, and is presently obligated to expend large sums of money and in the future will be obligated to expend large sums of money so as to affect a cure for the injuries which he sustained.

(ECF No. 5-1 at ¶ 5). In accordance with New Jersey Court Rules, the complaint did not contain a dollar-amount demand for damages. See N.J. Ct. R. 4:5-2. After nearly a year of non-prosecution, the Superior Court entered default, the parties entered into a consent order to restore the matter to the active trial calendar, and Defendant retained its current counsel to represent it in this matter. (ECF No. 1 at p.2).[1] On May 28, 2024, Plaintiff sent Defendant a statement of damages demanding $500,000.00 for each of the complaint's three counts. (ECF No. 5-6 at p.40-41).[2] On June 25, 2024, with a statement of damages above the $75,000.00 jurisdictional minimum in hand,

---

[1] This procedural history is relevant inasmuch as it affects the running of the deadline for filing a notice of removal. See 28 U.S.C. § 1446(b)(1). Defendant "received" the Complaint for purposes of the removal statute either upon its original filing on January 17, 2023, or some time in late April or early May, 2024, after it became aware of the suit and service was properly affected. Calculating the precise date for the latter is unnecessary because Defendant had clearly "received" the Complaint more than 30 days prior to removal—the Superior Court docket indicates a Notice of Appearance by Defendant's counsel on May 16, 2024, by which time the Court can fairly assume Defendant had "received" the complaint. See Andino v. Walmart, Inc., No. HUD-L-000180-23 (N.J. Super. Ct. May 16, 2024). Plaintiff notes in his brief that "[a]t a minimum, the 'clock' should be deemed to have commenced upon the filing of the Answer." (ECF No. 4-2 at p.3). The Answer was filed on May 15, 2024. Andino v. Walmart, Inc., No. HUD-L-000180-23 (N.J. Super. Ct. May 15, 2024). Both dates, as well as the original filing of the Complaint, are outside the 30-day removal window.

[2] The Statement of Damages itself is dated May 20, 2024. (ECF No. 5-6 at p.41). However, Plaintiff's counsel sent an email appearing to attach the Statement on May 28, 2024. Id. at p.40. The Court will assume this was the earliest dissemination of the statement to Defendant. Even if this assumption is incorrect, and as explained infra, the removal motion was still untimely because the period for removal began upon Defendant's "receipt" of the Complaint, which occurred more than 30 days prior to removal. See supra n.1.

Defendant filed its notice of removal, invoking this court's jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1).

Plaintiff filed the instant motion on July 25, 2024. (ECF No. 4). He argues that the proper start point for the removal "clock" was Defendant's receipt of the complaint. (ECF No. 4-2 at pp. 2-3); see supra n.1. Defendant filed its opposition on July 31, 2024, arguing that the clock should have begun when Plaintiff sent its statement of damages on May 28, 2024. (ECF No. 5 at p.9). The latter took place more than 30 days prior to removal; the former took place less than 30 days prior to removal. Plaintiff's argument hinges on whether the Complaint put Defendant on notice that Plaintiff sought more than $75,000.00 worth of damages. Plaintiff argues that the lack of an allegation of a specific dollar amount was unnecessary to put Defendant on notice of the jurisdictional amount (ECF No. 4-2 at pp.3-4), while Defendant argues the lack of an amount in controversy made "removal unascertainable to Walmart." (ECF No. 5 at p.8).

II

Pursuant to 28 U.S.C. § 1441(a), any civil action over which "the district courts of the United States have original jurisdiction" may be removed from state court to federal court. In other words, Section 1441 authorizes removal "so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." A.S. ex rel Miller v. SmithKline Beecham Corp., 769 F.3d 204, 208 (3d Cir. 2014). A litigant removing an action pursuant to 28 U.S.C. § 1441 bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Because federal courts are courts of limited jurisdiction, removal statutes must be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). Accordingly, the Third Circuit directs that if "there is any doubt as to the propriety of removal, [the] case should not

3

be removed to federal court." Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996); see also Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (holding that where a case is removed to federal court, all doubts concerning whether the Court has subject matter jurisdiction must be resolved in favor of remand); Samuel-Bassett, 357 F.3d at 396 (holding that 28 U.S.C. § 1441 is to be strictly construed against removal).

## A

Defendant bases removal on the original jurisdiction conferred by 28 U.S.C. § 1332(a), which provides that a federal court has subject matter jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and (2) the matter is between citizens of different states. 28 U.S.C. § 1332(a). Neither party disputes that both of these requirements are met by this lawsuit. Rather, the parties disagree as to whether the removal notice was timely:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). The 30-day period begins to run once a defendant can "reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional minimum." Carroll v. United Air Lines, Inc., 7 F. Supp. 516, 521 (D.N.J. 1998). "In removal cases, determining the amount in controversy begins with a reading of the complaint filed in state court," so the demand amount indicated on such a complaint is generally sufficient for a defendant to reasonably and intelligently conclude that the jurisdictional minimum has been met. Samuel-Bassett, 357 F.3d at 396. However, "when the amount in controversy cannot be ascertained from the four corners of the complaint . . . the time for removal may begin to run from a defendant's receipt of 'an amended

4

pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.'" Wishnia v. Whole Foods Mkt., Inc., No. 19-6483, 2019 WL 1147931, at *2 (D.N.J. Mar. 12, 2019) (quoting 28 U.S.C. § 1446(b)(3)).

The parties do not dispute that Plaintiff's original complaint did not contain an explicit demand for damages in excess of the federal jurisdictional minimum. Rather, Plaintiff claims Defendant could have reasonably and intelligently concluded that the jurisdictional amount was met from the Complaint, while Defendant disagrees and relies on the Statement of Damages as an "other paper" to invoke the Section 1446(b)(3) exception. In short, "the question . . . is one of timing: What quantum of information about the amount in controversy must the defendant possess in order to start the running of the 30-day period beyond which the defendant *may not* file a notice of removal, even if federal jurisdiction is present?" Riconda v. U.S. Foods, Inc., No. 19-1111, 2019 WL 1974831, at *4 (D.N.J. May 3, 2019).

This question arises frequently in personal injury cases before this Court as a result of the tension between the New Jersey Court Rules and the federal removal statute. N.J. Ct. R. 4:5-2 dictates that "[i]f unliquidated money damages are claimed in any court, other than the Special Civil Part, the pleading shall demand damages generally without specifying the amount." However, "[u]pon service of a written request by another party, the party filing the pleading shall . . . furnish the requesting party with a written statement of the amount of damages claimed . . . ." N.J. Ct. R. 4:5-2. So, personal injury suits such as the case at bar are nearly always filed in state court without a concrete statement of damages, no specific dollar amount is usually indicated until the defendant requests one, and the defendant removes upon receipt of such a statement (often more than 30 days after the filing of the original complaint). Thus, on a remand motion, the Court must decide whether the complaint had enough information for the Defendant

5

to determine the jurisdictional threshold would be met, in which case removal is usually untimely. Riconda, 2019 WL 1974831, at *4. Courts in this district have applied two approaches in resolving the question of which event triggers the running of the 30-day period: the "bright-line" approach and the "subjective-inquiry" approach. Id. at *5 (citing Worldwide Exec. Job Search Sols., LLC v. N. Bridge Grp., No. 17-1907, 2017 WL 5762392, at *2 (D.N.J. Nov. 27, 2017).

Under the bright-line approach, "if a Complaint does not plead specific damages, and does not otherwise make clear that the amount in controversy exceeds $75,000, the 30-day clock for removal does not begin to run until the defendant receives a document that clearly states the amount in controversy is more than $75,000." Worldwide Exec. Job Search, 2017 WL 5762392, at *2 (citing Vartanian v. Terzian, 960 F. Supp. 58, 61-62 (D.N.J. 1999)). The subjective-inquiry approach holds that the removal clock begins to run once a defendant "can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum." Carroll, 7 F. Supp. 2d at 521. Under this approach, the complaint need not state a specific dollar amount to start the clock—rather, "'allegations of severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue' and trigger the running of the thirty-day removal period." Id. at 521-22 (quoting Turner v. Wilson Foods Corp., 711 F. Supp. 624, 626 (N.D. Ga. 1989) and collecting cases). The Third Circuit has merely acknowledged the two approaches and other circuits' adoptions of the bright-line approach without directing adoption of one or the other. Judon v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 509 n.13 (3d Cir. 2014). However, "courts in this district generally have relied on the subjective-inquiry approach in personal injury cases, in which allegations of severe injury are sufficient to alert a defendant to an amount in controversy in excess of the jurisdictional requirement." Small v. Braxton, 22-5313, 2022 WL 18106591, at *3 (D.N.J. Dec. 7, 2022).

**B**

The description of Plaintiff's damages found in the Complaint here was sufficient to allow Defendant to "reasonably and intelligently conclude . . . that the amount in controversy exceeds the jurisdictional minimum." Carroll, 7 F. Supp. 2d at 521. This Court regularly finds that similar statements of damages are sufficient to put defendants on notice for purposes of the Section 1446 deadline. For instance, the plaintiff in Weiderspahn v. Wing alleged "severe personal injuries" that he "has suffered and will continue to suffer in the future, great pain physical disability and mental anguish." No. 09-2441, 2009 WL 2070353, at *4 (D.N.J. Jul. 10, 2009). The complaint in Small v. Braxton alleged "severe bodily injuries, some or all of which are permanent in nature" and that the plaintiff "will be caused to expend large sums of money." 2022 WL 18106591, at *4. Peters v. Stop & Shop alleged "severe, permanent, disabling injuries" and "great pain and suffering." No. 13-6085, 2013 WL 5781199, at *1 (D.N.J. Oct. 25, 2013). And, the plaintiff in Bukowiecki v. Dollar General Store alleged that her slip-and-fall caused her "to suffer great pain" and "incur medical expenses." No. 18-16464, 2019 WL 449203, at *1 (D.N.J. Feb. 5, 2019). In each of these cases—personal injury actions originally filed in state court and then removed to this Court—the Court granted remand motions because defendants were held to be on notice of the jurisdictional amount. Plaintiff's statement of damages here, while sparse in detail, is well within the parameters of what this Court has deemed to be sufficient to trigger the Section 1446 clock.

While this Court has also blessed complaints containing *more* details regarding the alleged injuries, those cases do not indicate a "floor" below which the jurisdictional amount is unascertainable. E.g., Wishnia, 2019 WL 1147931, at *3 (granting remand motion where plaintiff alleged specific injuries). On the contrary, this Court has held in the past—in a case against Defendant—that the two key aspects of the inquiry is "whether the plaintiff, in addition to alleging

7

permanent injuries, (1) specifically described the injury, how it was caused, or the treatment required, and/or (2) alleged severe injury by 'us[ing] the words "serious," "severe," or "significant" to describe their injuries.'" Battle v. Walmart Department Store, No. 20-2959, 2020 WL 7022638, at *4 (D.N.J. Nov. 30, 2020) (quoting Sayani v. Whole Foods Market, No. 18-17149, 2019 WL 4463369 (D.N.J. Sept. 18, 2019)). In Battle, as here, the plaintiff "specifically described the cause of her injury (slip and fall resultant from a hazardous condition on Defendant's premises) and used the word 'serious' to describe her injury, thus satisfying the Sayani guidelines." Id.; compare id. with (ECF No. 5-1 at ¶ 5). So too here, Plaintiff alleges he "was caused to slip and/or trip and fall to the ground" as a result of a hazardous condition in Defendant's parking lot and used the word "serious" to describe his injuries. (ECF No. 5-1 at ¶ 5). Thus, Defendant could have "reasonably and intelligently conclude[ed]" that the Complaint was for a damages total in excess of the federal jurisdictional threshold. Carroll, 7 F. Supp. at 521.

Because the Complaint put Defendant on notice that Plaintiff sought damages in excess of the jurisdictional amount, the time to remove began to run once Plaintiff was served with the complaint. This occurred more than 30 days prior to removal. See supra n.1; 28 U.S.C. § 1446(b)(1). Therefore, Defendant's June 25, 2024 notice of removal was untimely. Pursuant to 28 U.S.C. § 1447(c), this case must be remanded to state court.

\*   \*   \*

For these reasons, the Court will grant Plaintiff's motion to remand this action to the Superior Court of New Jersey, Hudson County. An appropriate Order will follow.

        s/Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.

Dated: August 23, 2024